UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Hope Kye, | |
| Plaintiff, | |
| v. | |
| Community Options, Inc., | Case No. _____ |
| Defendant. | |
| | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, Hope Kye (hereinafter referred to as "Plaintiff"), by and through her attorneys, and files this Complaint alleging as follows:

**NATURE OF THE ACTION**

1. Plaintiff initiates this action to redress violations by Community Options, Inc. (hereinafter referred to as "Defendant") of the Family Medical Leave Act ("FMLA" – 29 U.S.C. §§ 2601, *et seq.*) and the Americans With Disabilities Act ("ADA" – 42 U.S.C §§ 12101, *et seq.*).

**JURISDICTION AND VENUE**

2. This action is initiated pursuant to federal law. The United States District Court for the District of new Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth

by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. *See* Notice of Right to Sue, attached hereto as "Exhibit A."

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 736 Myrtle Avenue, Lindenwold, NJ 08021.

8. Defendant is a business with a regular place of business located at 502 Salem Avenue, Woodbury, NJ 08096.

## FACTUAL BACKGROUND

9. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant as a Special Project Manager in about August of 2021.

11. Plaintiff excelled at her position, and in recognition thereof, Plaintiff was promoted to Executive Director on about November 1, 2021.

12. At all relevant times, Plaintiff suffered from a serious health condition, namely, mitro valve prolapse, symptoms of which include, but are necessarily limited to: an irregular heartbeat, difficulty breathing, shortness of breath and excessive fatigue.

13. Despite the aforementioned serious health condition, at all relevant times, Plaintiff was capable of performing the essential functions of her position(s) with Defendant.

14. Plaintiff informed Defendant's management-level employees - including but not limited to Diane D'Orazio ("Ms. Dorazio") – of the aforementioned serious health condition.

15. In about February of 2022, Plaintiff learned that per her doctor's recommendation, she would need to undergo open heart surgery in the near future, and as such, would need to take a leave of absence from work. Plaintiff promptly passed this information on to Ms. Dorazio.

16. On about July 12, 2022, Plaintiff informed Ms. Dorazio that she was going to start planning for her leave of absence. At that time, Plaintiff explained that it was her intention to apply for FMLA leave shortly after she became eligible to do so, which would have been in about August of 2022, or one (1) year after she began employment with Defendant.

17. Two days later, on about July 14, 2022, Ms. Dorazio expressed dissatisfaction with Plaintiff's intent to request FMLA leave insofar as Ms. Dorazio said: "[y]ou got me scared when you said needed to take a leave."

18. On July 14, 2022, Ms. Dorazio presented Plaintiff with a Written Warning. Plaintiff believes, and therefore avers, that the basis of the Written Warning is pretextual in nature because: (1) The substance of the Written Warning related to a series of events that occurred about four (4) months prior in late March of 2022; and (2) Plaintiff had already terminated the individual that was primarily responsible for the issues set forth in the Written Warning.

19. On July 14, 2022, Plaintiff was also presented with a Performance Improvement Plan ("PIP").

20. Notably, prior to advising Defendant of her intent to apply for FMLA leave when she became eligible to do so, Plaintiff had not been issued any formal discipline during her employment.

21. On July 20, 2022, Plaintiff was terminated from employment. Several days later, Defendant emailed Plaintiff and explained that she was terminated because of alleged poor performance.

## Count I
## Violations of the FMLA
### (Interference and Retaliation)

22. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

23. At all times relevant herein, Defendant was engaged in commerce and/or activities affecting commerce.

24. At all times relevant herein, Defendant employed fifty (50) or more employees.

25. For the reasons set forth in Paragraphs 23 and 24, Defendant is a covered employer as defined by the FMLA.

26. It is well-settled that "an employee is not barred from proceeding with a retaliation claim under the FMLA if he or she has been employed for less than twelve months but requests leave to begin more than one year after employment commenced." *Beffert v. Pennsylvania Dept. of Public Welfare*, Civil Action No. 05-43 (E.D. Pa. Apr. 18, 2005). *See also*, *Corral v. Hersha Hospitality Mgmt., Inc.*, Civil Action No. 12-02375 (D.N.J. Sep. 24, 2012) ("[P]ursuant to the FMLA, pre-eligible employees are entitled to covered rights and attempts to exercise such rights, including the right to foreseeable future leave once eligibility is gained.")

27. Although Plaintiff was not yet eligible for FMLA leave as of the date she notified Defendant of her plan to avail herself of leave, she would have been eligible as of the anticipated start date of said leave because as of that date she would have: 1) worked for at least twelve (12) months; 2) worked at least 1,250 hours for Defendant in the twelve (12) months prior to her anticipated leave; and 3) worked at a location where at least fifty (50) employees were employed within seventy-five (75) miles.

28. For the reasons set forth in Paragraph 26 and Paragraph 27, Plaintiff was protected by the FMLA insofar as she provided pre-eligibility notice of her intent to take a foreseeable FMLA leave when she became eligible to do so.

29. Defendant interfered with Plaintiff's FMLA rights because, as outlined in detail above, Defendant terminated Plaintiff shortly after learning of Plaintiff's intent to take FMLA leave, and in so doing, denied Plaintiff the opportunity to avail herself of leave when she became eligible.

30. Plaintiff was prejudiced by Defendant's conduct because Plaintiff was unable to avail herself of FMLA leave for which she otherwise would have been eligible.

31. Defendant retaliated against Plaintiff by issuing Plaintiff pretextual discipline and terminating Plaintiff within a matter of days of receiving notice of Plaintiff's intention to take FMLA when she became eligible to do so.

32. The forgoing conduct constitutes violations of the FMLA.

## Count II
## Violations of the ADA
### (Discrimination, Failure to Accommodate and Retaliation)

33. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

34. The ADA prohibits "covered entities" from discriminating against a qualified individual on the basis of disability. The term covered entities includes "employer[s]."

35. For purposes of the ADA, Defendant is an employer (and therefore, a covered entity) because at all relevant times, Defendant was engaged in an industry affecting commerce and had fifteen (15) or more employees.

36. As described in detail above, Plaintiff suffered from a serious health condition that impaired several major life activities.

37. Plaintiff was capable of performing the essential functions of her job, and therefore, was a qualified individual with a disability as defined under the ADA.

38. Plaintiff's notice to Defendant that Plaintiff intended to take a medical leave of absence constitutes a request for a reasonable accommodation.

39. Within a close temporal proximity of Plaintiff's request for reasonable accommodations, she was subjected to adverse action, namely, formal discipline and termination from employment.

40. Defendant failed to accommodate Plaintiff's disabilities insofar as Defendant terminated Plaintiff's employment very shortly after learning of Plaintiff's request for accommodations.

41. Plaintiff's request for an accommodation constitutes protected activity under the ADA.

42. Shortly after engaging in protected activity, Plaintiff was subjected to adverse action, namely, a Written Warning, a Performance Improvement Plan, and termination.

43. Given the timing between Plaintiff's protected and adverse action, as well as the stated basis for the adverse action, there is a causal connection between the two.

44. The forgoing conduct constitutes violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination and retaliation at the hand of Defendant until the date of verdict;

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, liquidated damages, emotional distress and/or pain and suffering damages (where legally permitted);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).

                Respectfully Submitted,

                Jonathan W. Chase, Esq.
                **Law Office of Jonathan W. Chase**
                1515 Market Street
                Suite 1200
                Philadelphia, PA 19102
                (215) 967-1544
                (215) 967-1108 (Fax)
                jwc@lawjwc.com

# **EXHIBIT A**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Pittsburgh Area Office**
1000 Liberty Avenue ,Suite 1112
Pittsburgh, PA 15222
(412) 588-6905
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To:  Hope  Kye
736 Myrtle Avenue
Lindenwold, NJ 08021

Re:  Hope  Kye v. Community Options, Inc.
EEOC Charge Number: 533-2022-02460

EEOC Representative and phone:   Philadelphia Legal Unit, (267) 589-9700

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Deborah A. Kane
Tue Sep 06 00:00:00 EDT 2022

Deborah A. Kane
Area Director

CC:
David Manes, Esquire
dm@manesnarahari.com